Gaston, Judge.
 

 This cause conies before us on the • appeal of the Plaintiff from a judgment of nonsuit rendered in the Superior Court, upon a case agreed between the parties, and wc are of opinion that this judg
 
 *264
 
 ment is correct. It is a part of the case agreed, that thG cause my be decided upon the same principies as ■ . * though it were pending in a court ot Equity. We do ,10† conccive that this agreement of the parties could bestow upon the court, an authority to decide the case by axiy other principles than those which the law prescribes ,. „ , , , to1' its decision. T ho parties may agree upon tacts, but the conclusion to he pronounced ulion those facts, must . 1 *■ be in conformity to the rules which are laid down by a higher authority than that of the parties. In this case however, we apprehend that there is no difference between the law and equity which are applicable to it. The plaintiff is not entitled to recover from the defendant, because lie has not paid more than his rateable proportion of the debt, which in consequence of the insolvency of
 
 Maer
 
 and of
 
 ELy,
 
 has been thrown upon the intestate of the defendant. The sum which has been raised by the sale of
 
 Maer’s
 
 property and apjilied in part discharge of this debt, was not in contemplation of law, or within the meaning of our act of 1807", paid by the plaintiff, it was applied, as the deed of trust from
 
 Maer
 
 to
 
 Bryan,
 
 directed it to be applied, and although the motive of
 
 Maer
 
 in making the deed of trust is declared to be the indemnity of
 
 Ely
 
 and
 
 Vagan,
 
 yet this cannot change the character of the fund or the effect of this application of it. And in Equity wc understand the rule to be well settled, that when two or more persons engage in one common risque, as sureties for another, anil one of them subsequently takes an indemnity from the principal debtor, such indemnity shall enure to the benefit of all these sureties. This principle is distinctly asserted in the case of
 
 Moore
 
 v.
 
 Moore,
 
 reported in 4
 
 Hawks,
 
 358, and the decision there is expressly based upon the ground that the sureties had not engaged in the same common risque.
 

 The agreement of parties cannot "bestow on a court an authority to decide a case on any other pun cipies than those prescribed by law
 

 Pee, Curiam — Judgment aeeikmed.